United States District Court
Southern District of Texas
**ENTERED**
November 29, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRANCIS CHERRY, JR., § <br> TDCJ #1517796, § <br> § <br> Plaintiff, § <br> § CIVIL ACTION NO. H-22-4536 <br> v. § <br> § <br> DIRECTOR BRYAN COLLIER, § <br> § <br> Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Francis Cherry, Jr. (TDCJ #1517796) has filed an Amended Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Amended Complaint") (Docket Entry No. 15), regarding the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") and the Harris County Jail. He has also filed a Motion to Correct Deficient Complaint\Pleadings ("Motion to Amend") (Docket Entry No. 16), which contains additional allegations and is construed as a motion to further amend his pleadings.

Because Cherry is a prisoner who proceeds <u>in forma pauperis,</u> the court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings and dismiss the case if it determines that the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court will deny the plaintiff's request for leave to amend and will dismiss this case for the reasons explained below.

## I. Background

Court records reflect that Cherry is currently incarcerated in TDCJ as the result of a 25-year prison sentence that he received from Harris County, following a conviction for aggravated assault. See Cherry v. State, No. 01-08-00626-CR, 2009 WL 3805850, a *1 (Tex. App. — Houston [1st Dist.] Nov. 12, 2009, no pet.). Cherry's Amended Complaint takes issue with the conditions of his confinement at the Wynne Unit in Huntsville.[1]

Invoking 42 U.S.C. § 1983, Cherry alleges that Director Bryan Collier has violated his right to be free from cruel and unusual punishment by allowing his staff to treat him inhumanely.[2] Specifically, Cherry alleges that prison personnel have impersonated his father, his brother, his sister, and the mother of his children.[3] He appears to claim that these impersonators have

---

[1] Amended Complaint, Docket Entry No. 15, pp. 3, 4. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system. CM/ECF.

[2] Id.

[3] Id. at 4.

falsely informed him that his mother and his son have died.[4] He alleges that "[i]mpersonators" also contacted him by phone while he was previously confined in the Harris County Jail.[5] He alleges further that he has suffered starvation and sleep deprivation because TDCJ personnel have implanted "biological technology" to "shock" his body.[6] As relief, Cherry asks to be moved from the Wynne Unit.[7] He also seeks "twenty one billion dollars" in compensatory damages.[8]

## II. Standard of Review

---

[4]Id.

[5]Id.

[6]Id.

[7]Id. Cherry recently notified the court that he has been transferred from the Wynne Unit to the Hamilton Unit. See Notice of Address Change ("Notification"), Docket Entry No. 18, p. 1. His transfer to another facility renders his request to be moved from the Wynne Unit moot. Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002); see also Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (noting that plaintiff's transfer to a different prison facility rendered his claims for declaratory and injunctive relief moot). In his Notification, Cherry appears to request his immediate release from custody. See Notification, Docket Entry No. 18, p. 1. Such claims are not actionable in a lawsuit under 42 U.S.C. § 1983. Rather, the writ of habeas corpus provides the remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). The court declines to address this claim or re-characterize this case as a habeas proceeding because Cherry offers no grounds for relief or facts that would support relief under the federal habeas corpus statutes.

[8]Amended Complaint, Docket Entry No. 15, p. 4.

Federal district courts are required by the PLRA to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v.

Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, LLC, 996 F.3d 302, 307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

### III. Discussion

The only defendant identified by Cherry is Director Bryan Collier, who allegedly allowed prison personnel to impersonate his family members and implant biological technology into his body.[9]

---

[9] Amended Complaint, Docket Entry No. 15, pp. 3, 4.

It is well established that a supervisory official may not be held liable for a civil rights violation under a theory of respondeat superior or vicarious liability. See Monell v. Department of Social Services of City of New York, 98 S. Ct. 2018, 2036 (1978). Because vicarious liability is inapplicable in an action under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. "Supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury to the plaintiff." Alderson v. Concordia Parish Correctional Facility, 848 F.3d 415, 420 (5th Cir. 2017) (citation omitted).

Cherry does not allege facts showing that Director Collier had any personal involvement in the alleged mistreatment or that he is otherwise liable for implementing an unconstitutional policy. As a result, Cherry does not state a claim for which relief may be granted against Director Collier.

More importantly, Cherry's claim that prison officials at the Wynne Unit and the Harris County Jail have impersonated his family members is fantastic, delusional, and subject to dismissal as factually frivolous. See Logan v. Central Intelligence Agency, No. 3:22-cv-00038-G(BT), 2022 WL 479517, at *1 (N.D. Tex. Jan. 31, 2022) (finding the plaintiff's claims of conspiracy to commit

identity theft and defamation of character through the use of impersonators to be frivolous); Lynn v. Texas Dep't of Criminal Justice, Civil Action No. 5:16-189, 2017 WL 3816112, at *5 (E.D. Tex. July 17, 2017) (dismissing as delusional an inmate's claim that officers used imposters to impersonate him); Wallace v. U.S. Conference of Catholic Bishops, Case No. 4:08-CV-104-Y, 2008 WL 11504901, at *1 (N.D. Tex. March 4, 2008) (dismissing as factually frivolous a plaintiff's claim that defendants used drugs and impersonated 911 call center operators to alter his memory and inflict him with amnesia).

Likewise, Cherry's allegation that prison officials have implanted technology into his body for an improper purpose is the sort of claim that courts routinely dismiss as factually frivolous. See, e.g., Dodson v. Haley, No. 16-6196, 2017 WL 3224485, at *1 (6th Cir. May 17, 2017) (dismissing as factually frivolous a prisoner's claim that correctional officers installed "eye cameras" and "thought processing devices" in his body); Golden v. Coleman, 429 F. App'x 73, 74 (3d Cir. 2011) (dismissing as frivolous a prisoner's claim that prison employees implanted "Government Micro Eye Cameras" in his food, which then attached to the "visual cortex" in his brain and sent images to a computer for broadcast on "prison television"); Manco v. Does, 363 F. App'x 572, 574-75 (10th Cir. 2010) (dismissing as frivolous the plaintiff's claim that prison officials implanted a tracking device in his jaw to "monitor

his thoughts and send him inaudible, profane messages"); <u>Johnson v. Drug Enforcement Agency</u>, 137 F. App'x 680 (5th Cir. 2005) (dismissing as frivolous plaintiff's allegation that the DEA implanted a transmitter in his scalp); <u>Patterson v. UHC Hospital of Lafayette</u>, Civil Action No. 6:17-1383, 2017 WL 6811709, at *1 & *2 (W.D. La. Oct. 31, 2017) (dismissing the plaintiff's allegation that doctors implanted a monitoring device in his body during an "illegal surgery" as "so delusional as to warrant dismissal as frivolous") (citations omitted).

Although Cherry has moved to amend his pleadings, his proposed allegations are rambling, incoherent, and nonsensical.[10] Because Cherry has already had more than one opportunity to amend his pleadings, and the proposed amendment does not state an actionable claim against an identifiable defendant, the court will deny leave to further amend as futile. <u>See United States, ex rel. Willard v. Humana Health Plan of Texas, Inc.</u>, 336 F.3d 375, 387 (5th Cir. 2003) (acknowledging that "leave to amend properly may be denied when the party seeking leave has repeatedly failed to cure deficiencies by amendments previously allowed and when amendment would be futile"); <u>see also Livingston v. State of Texas</u>, Civil Action No. 6:21-7, 2021 WL 11550013, *2 (S.D. Tex. Sept. 2, 2021) (denying a request for leave to amend where the proposed pleading was riddled with incoherent, confusing, and nonsensical

---

[10]<u>See</u> Motion to Correct Deficient Complaint\Pleadings, Docket Entry No. 16; <u>see also</u> Supplemental Brief, Docket Entry No. 17.

narratives).   Accordingly, this civil action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Amended Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 filed by Francis Cherry, Jr. (Docket Entry No. 15) is **DISMISSED WITH PREJUDICE** as frivolous.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The plaintiff's Motion to Correct Deficient Complaint\Pleadings (Docket Entry No. 16) is **DENIED**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk will also send a copy of this Memorandum Opinion and Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 29th day of November, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE